(85 App. Div. 113.)

### NORRIS v. NORRIS.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. GUARDIAN AND WARD — LOAN WITHOUT SECURITY — CREDITS ALLOWED GUARDIAN.

A guardian who loans money belonging to his ward on the personal credit of the borrower, and who pays the expenses of, and advances money to, a third person from such funds, is not entitled to credit therefor in a settlement with the ward.

2. GUARDIAN AND WARD—COMPROMISE AND SETTLEMENT—VALIDITY.

A private settlement between a guardian and ward after the latter becomes of age, in which each item of a long account is read over to the ward, and no fraud or misrepresentation is practiced upon her, is a valid compromise and settlement, and precludes a subsequent claim by her against the guardian.

3. SAME—ABSENCE OF SEAL—EFFECT.

The fact that no seal is attached to a compromise and settlement does not affect its validity; the adjustment of an undetermined account, and the payment of the moneys found due thereon, constituting a consideration.

Appeal from Judgment on Report of Referee.

Action by Carrie Norris against Robert L. Norris. From a judgment in favor of plaintiff, entered on the report of a referee, defendant appeals. Reversed.

The defendant had been the guardian for the plaintiff during her minority, and had in his possession certain moneys belonging to her. Upon the 26th day of March, 1900, after the plaintiff had become of age, a private settlement of accounts was had between them, whereby the sum of $606.81 was paid to the plaintiff by the defendant, and an agreement of settlement was executed between the parties hereto. Thereafter, this plaintiff, having discovered that in the settlement certain credits had been allowed to the defendant to which it was claimed he was not entitled, brought this action to set aside the settlement, and for a further accounting. The complaint alleges the relations of the parties as guardian and ward, the execution of the agreement of settlement, and further alleges that the same was obtained by the defendant by fraud and false representations. These allegations are denied by the answer, and the issues formed therein were referred to a referee, who has found the facts as above set forth as to the relationship of the parties and the agreement of settlement, and the execution of that agreement. The referee has further found that the allegations of fraud and of false and fraudulent representations alleged in the complaint are not sustained in the evidence, and that there is a failure of proof to establish that the defendant perpetrated any fraud or made any false pretensions to deceive the plaintiff and procure such account. He finds specifically that the account, as made up by the defendant, was read item by item to the plaintiff, and vouchers submitted to her, and that no item was disputed by the plaintiff, except an item of $1, which was then disallowed by consent of the defendant. He

_____

¶ 2. See Guardian and Ward, vol. 25, Cent. Dig. §§ 546, 548.

further finds the account rendered by the defendant and as thus settled, to be correct, except in two particulars: First. In that accounting the guardian obtained credit for a loan made to his father, John Norris, and the costs of a judgment thereafter entered therefor. The loan was made upon his father's personal liability without any security whatever. This the referee has held to have been an improvident investment, and has charged the defendant therewith. Second. Funeral expenses and advances to John Norris, Jr., amounting to $79.80, had been in the accounting credited to the defendant, and with this the referee has charged the defendant. The referee has found that these two items were erroneously credited to the defendant by mistake. As matters of law, he has found that the accounting and settlement were not equivalent to an accord and satisfaction, or a technical release under seal, and that the plaintiff was entitled to judgment for these two items, with interest and costs. From the judgment entered upon the report of the referee, defendant has appealed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Alexander Fenwick (Charles E. Palmer, of counsel), for appellant. Emmet N. Akin (J. B. Holmes, of counsel), for respondent.

SMITH, J. Appellant can hardly claim that, for the two items for which he has received credit in his private settlement with his ward, he was not, in law, liable to the plaintiff. There is no rule of law which would justify a trustee in loaning money on personal credit, and the payment of expenses of a third party and advancements of money to him from the funds of this plaintiff are not sought to be justified by the appellant's attorney. But these expenditures from the plaintiff's funds, although unauthorized, could have been ratified by the plaintiff, and I am unable to discover any legal ground for holding that they were not so ratified in the settlement of March 26, 1900. That was a settlement made without fraud or misrepresentation, where each item was read over to the plaintiff, and it nowhere appears that she did not understand the nature of her act in consenting to the credit to the defendant for the sums so expended. I cannot agree that this settlement did not have the effect of an accord and satisfaction, or of a technical release under seal, as found by the learned referee. It is clearly something more than a receipt for moneys received. Here was a liability of the defendant to the plaintiff, covering many items, of which the law implies a dispute. A settlement reached between the guardian and his ward after the ward has become of age, and the payment of the amount found due upon such settlement, was a legal accord and satisfaction, and was binding and effectual to release the guardian from all further claims of his ward, unless that settlement was induced by some fraud or misrepresentation on his part. In Kirby v. Taylor, 6 Johns. Ch. 242, the rule is stated in the headnote in these words:

"It seems that a release given by a ward six months after she comes of age to her guardian, freely and fairly, without any fraud, misrepresentation, or undue means to obtain it, is valid."

In Douglass v. Ferris, 138 N. Y. 200, 33 N. E. 1043, 34 Am. St. Rep. 435, the opinion of O'Brien, J., in part, reads:

"It was competent for the plaintiff, after he became of age, to settle with his guardian; and if the settlement had been fairly and honestly, and not fraudulently, made, it would discharge the guardian and his sureties."

It matters not that there was no seal attached to this agreement of settlement. The only effect of a seal is to create a conclusive presumption of consideration. Of this there is no need in the case at bar, because the adjustment of an undetermined account, and payment of the moneys found due thereupon, are in themselves a consideration for the agreement of settlement executed.

The learned referee has found that for these two items credit was given in the settlement "by mistake." It is not quite clear just what is meant by this finding. There could have been no mistake of fact. The guardian himself clearly understood what had been done, and it was set forth in the account rendered, each item of which was read over by the guardian to the plaintiff. Between a guardian and ward there is a confidential relation, which calls for a full disclosure by a guardian in any settlement made with the ward; and failure to make such disclosure is deemed, in law, a fraud, which will avoid the settlement made. But the plaintiff nowhere alleges in her complaint any fraudulent concealment of fact or law. She bases her cause of action to set aside this agreement of settlement upon certain false representations claimed to have been made by the defendant with intent to deceive her, and upon which she relied. The cause of action thus alleged she has failed to prove, and the referee has found that the defendant, in making such settlement, was guilty neither of fraud nor of false representations. In the absence thereof, the agreement of settlement made and executed would seem to constitute an effective bar to further liability upon the part of the defendant. To ignore such a settlement, when no fraud or deceit has been practiced, would be to deny the right to make a settlement between themselves. But the law recognizes that right, and gives effect to such settlements until they be legally impeached. We are of opinion that the facts found by the referee do not sustain the judgment. The judgment should therefore be reversed.

Judgment reversed on law and facts, referee discharged, and new trial granted, with costs to appellant to abide event. All concur; PARKER, P. J., in result.